Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite 144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff Renee Capela,
Joseph Capela, Individually and
On Behalf of All Others Similarly Situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renee Capela, Joseph Capela, Individually and On Behalf of All Others Similarly Situated <br><br> Plaintiffs, <br><br> v. <br><br> Armcon Corporation DBA Coachella Valley Collection Service; Law Office of John D. Gallegos; and DOES 1-10, INCLUSIVE <br><br> Defendants. | Case No. <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> **(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; and** <br><br> **(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, etc.** <br><br> **(3) Fair Debt Buying Practices Act, Cal. Civ. Code § 1788.50 etc.** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES Plaintiffs Renee Capela and Joseph Capela, Individually and on behalf of all others similarly situated through attorney, Law Office of Andrew P Rundquist, in their claim for damages against Defendants Armcon Corporation DBA Coachella Valley Collection Service ("Coachella Valley") and Law Office of John D. Gallegos ("Law Office".)

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

1.    This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code S 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

2.    This is a consumer action brought pursuant to the California Fair Debt Buying Practices Act, California Civil Code § § 1788.50-1788.64 (hereinafter "CFDBPA") which prohibits debt buyers from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

3.    Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

5.    This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III.    VENUE

6.    Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. §

1692k(d) in that Defendants transact business in this judicial district and the violations of

the FDCPA complained of occurred in this judicial district.

## IV.    PARTIES

7.    Plaintiff Renee Capella is a natural person residing in Riverside County,

California and is a consumer per 15 U.S.C. §1692a(3) of the FDCPA in that she is a

natural person purportedly obligated to pay a consumer debt, allegedly owed to

Coachella Valley, and a "debtor" per Cal. Civ. Code §1788.2(h) of the California

Rosenthal Act, and incorporated into the FDBPA under California Civil Code §

1788.50(c).

8.    Plaintiff Joseph Capella is a natural person residing in Riverside County,

California and is a consumer per 15 U.S.C. §1692a(3) of the FDCPA in that he is a

natural person purportedly obligated to pay a consumer debt, allegedly owed to

Coachella Valley, and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of

the California Rosenthal Act, and incorporated into the FDBPA under California Civil

Code § 1788.50(c).

**Coachella Valley**

9.    At all relevant times, Plaintiff is informed and believes Coachella Valley

was a California corporation engaged in the business of purchasing and collecting

charged-off consumer debts in this state and is a "debt buyer" as defined by California

Civil Code §1788.50(a)(1).

10.    The principal business of Coachella Valley is the collection of defaulted

consumer debt using the mails, telephone and other instrumentalities of interstate

commerce and is a "debt collector" under 15 U.S.C. § 1692a.

11.    Coachella Valley, in the ordinary course of business, regularly, and on

behalf of itself engages in debt collection as defined by Ca. Civ. Code § 1788.2(b) and is

therefore a debt collector as defined by Ca. Civ. Code § 1788.2(c).

**Law Office of John D. Gallegos**

12.    Plaintiff is informed and believes Defendant Law Office of John D. Gallegos is and was at all relevant times a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13.    Defendant Law Office, in the ordinary course of business, regularly, and on behalf of himself engages in debt collection as defined by Ca. Civ. Code § 1788.2(b) and is therefore a debt collector as defined by Ca. Civ. Code § 1788.2(c).

14.    Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).   Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendants.

15.    Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V.  FACTUAL ALLEGATIONS

16.    On a date or dates unknown to Plaintiffs, Plaintiffs are alleged to have incurred a financial obligation to Synergy Dental Specialties.

17.    Plaintiffs generally deny any debt is owed. The purported debt to Synergy Dental was primarily for personal, family, or household purposes and is therefore a "consumer debt" as defined by California Civil Code § 1788.2(f), as incorporated by California Civil Code § 1788.50(c).

18.    The purported debt to Synergy Dental was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    On October 3rd, 2019, Defendant Law Office filed a debt collection lawsuit on behalf of, and as agent for Defendant Coachella Valley, in the Superior Court of California for the County of Riverside styled *Coachella Valley Collection Service vs. Renee Capela; Joseph Capela*,  case # PSC1907253.

20.    Collection lawsuit contains Common Counts and Book Account causes of action, seeks $472.50 in principal, interest, costs of suit and attorney's fees.

Failure to Provide Disclosures Mandated by FDCPA and RFDCPA

21.    The purpose of 15 U.S.C. § 1692g is to ensure consumers are made aware of their rights with respect to debt collection activities; 15 USC  § 1692g mandates:

(a) Notice of debt;

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22.    In October 2019, Defendant Law Office and Plaintiff Joseph Capela spoke as Mr. Capela had several questions and concerns regarding the collection lawsuit.

23.    At no time within 5 days of Plaintiff Joseph Capela speaking with Defendant Law Office did Mr. Capela receive notice required by 15 USC § 1692g.

24.    In early November 2019, Defendant Coachella Valley spoke with Plaintiff Joseph Capela wherein it notified Mr. Capela the balance had ballooned to $900 and Coachella Valley inquired if Plaintiff wished to resolve the matter.

25.    At no time within 5 days of Plaintiff Joseph Capela speaking with Defendant Coachella Valley did Mr. Capela receive the notice required by 15 USC § 1692g.

26.    A few weeks later in middle of November 2019, Defendant Coachella Valley again spoke with Plaintiff Joseph Capela where it again notified Mr. Capela the balance had ballooned to $900 and it inquired if Plaintiff wished to resolve the matter.

27.     At no time within 5 days of Plaintiff Joseph Capela again speaking with Defendant Coachella Valley did Mr. Capela receive the notice required by 15 USC § 1692g.

28.     Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiffs' alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

29.     Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30.     Through this conduct, Defendants violated 15 U.S.C. § 1692g by failing to include the proper debt verification procedures. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

<u>Collection Lawsuit Fails to Comply with California Fair Debt Buying Practices Act</u>

31.     Defendant Coachella Valley is a debt buyer and is subject to California's Fair Debt Buying Practices Act, Cal. Civ. Code 1788.50(a).

32.     Collection lawsuit fails to state Coachella Valley is a debt buyer as required by CC §1788.58(a)(1).

33.     Collection lawsuit fails to state the nature of the underlying debt and the consumer transaction or transactions from which it is derived, in a short and plan statement, as required by CC §1788.58(a)(2).

34.     Collection lawsuit fails to state Coachella Valley is the sole owner of the debt at issue, or has authority to assert the rights of all owners of the debt, as required by CC §1788.58(a)(3).

35.     Collection lawsuit fails to state the debt balance at charge off and an explanation of the amount, nature, and reason for all post-charge-off interest and fees, if any, imposed by the charge-off creditor or any subsequent purchasers of the debt. as required by CC §1788.58(a)(4).

36.     Collection lawsuit fails to state the date of default or the date of the last payment, as required by CC §1788.58(a)(5).

37.     Collection lawsuit fails to state the name and address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt, as required by CC §1788.58(a)(6).

38.     Collection lawsuit fails to state the name and last known address of the debtor as they appeared in the charge-off creditor's records prior to the sale of the debt, as required by CC §1788.58(a)(7).

39.     Collection lawsuit fails to state the names and addresses of all persons or entities that purchased the debt after charge off, including plaintiff debt buyer, as required by CC §1788.58(a)(8).

40.     Collection lawsuit fails to state Coachella Valley has complied with §1788.52, as required by CC §1788.58(a)(9).

### VI. CLASS ACTION ALLEGATIONS

41.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiff brings this action on behalf of herself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.     Plaintiffs define **Class 1** as:

(i) all persons with addresses within the United States;

(ii) wherein Defendants failed to provide disclosures mandated by 15 § USC 1692g;

(iii) to recover a consumer debt;

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(iv) and which were not returned undelivered by the United States Postal Service.

For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint. For purposes of the Second Claim for Relief, the RFDCPA Claim, the class period is one year prior to the filing of this Complaint.

44.     Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

45.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

46.     **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendants.

47.     **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

a)     Whether Defendants' conduct violated the FDCPA;

b)     Whether Defendants' conduct violated the RFDCPA;

c)     Whether members of the Classes are entitled to the remedies under the FDCPA;

d)     Whether members of the Classes are entitled to the remedies under the RFDCPA;

e)      Whether members of the Classes are entitled to injunctive relief;

f)      Whether members of the Classes are entitled to an award of
reasonable attorneys' fees and costs of suit pursuant to the
FDCPA;

g)      Whether members of the Classes are entitled to an award of
reasonable attorneys' fees and costs of suit pursuant to the
RFDCPA; and,

h)      Whether Defendants can satisfy the bona fide error affirmative
defense.

i)      Whether members of the Classes are entitled to declaratory relief;

48.    **Typicality**. Plaintiff's claims are typical of the claims of the class. She was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

49.    **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) his interests do not conflict with the interests of the individual Class members he seeks to represent; (b) he has retained counsel who is competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

50.    **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendants' unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51.     This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

52.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation. Many Class Members' individual claims are too small to practically permit pursuit on an individual basis, even though the Class Members' rights have been violated by Defendants' practices. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

53.     The Class is ascertainable because its members can be determined from Defendant's business records and/or the above definition of Class is sufficient to enable Class Members to identify themselves as Class Members.

## VI.    CLAIMS

### COUNT I: FAIR DEBT COLLECTION PRACTICES ACT
**Asserted Against**
**Coachella Valley Collection Service and**
**Law Office of John D. Gallegos**

54.     Plaintiffs brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

55.     Plaintiffs repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.     Each Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

57.     Defendants are a "debt collector" as that term is defined by 15 U.S.C. §

1692a (6).

58.    The financial obligation alleged to be owed by each Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

59.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

60.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Asserted Against
### Coachella Valley Collection Service and
### Law Office of John D. Gallegos

61.    Plaintiffs brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§1788-1788.33.

62.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.    The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

64.    Each Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civil Code §§ 1788.2(h).

65.    Each Defendant is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

66.    The financial obligation alleged to be owed by each Plaintiff is a "consumer

debt" as defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

67.   As a result of each and every violation of the Rosenthal Act, each Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### COUNT III: FAIR DEBT BUYING PRACTICES ACT
### Asserted against
### Coachella Valley Collection Service

68.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.   Each Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h), as incorporated by California Civil Code§ 1788.50(c).

70.   Defendant, Coachella Valley, is a "debt collector" as that term is defined by California Civil Code§ 1788.2(c), as incorporated by California Civil Code§ 1788.50(c).

71.   Defendant, Coachella Valley is a "debt buyer" as that term is defined by California Civil Code§ 1788.50(a)(l).

72.   The financial obligation alleged to be owed by Plaintiffs to Coachella Valley is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f), as incorporated by California Civil Code§ 1788.50(c).

73.   The financial obligation alleged to be owed by Plaintiffs Coachella Valley is a "charged-off consumer debt" as that term is defined by California Civil Code § 1788.50(a)(2).

74.   Coachella Valley has failed to comply with requirements per California Civil Code § 1788.58.

75.   Coachella Valley's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code § 1788.54(b).

76.    As a proximate result of the violations of the California Fair Debt Buying

Practices Act, Plaintiff is entitled to actual damages, statutory damages, reasonable

attorney's fees and costs of this action.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants

as follows:

### Fair Debt Collection Practices Act

• This action be certified as a class action on behalf of the Classes

as requested herein;

• Plaintiffs be appointed as representative of the Classes;

• Plaintiffs' counsel be appointed as counsel for the Classes;

• An award of actual damages, in an amount to be determined at trial,

pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class

member;

• An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

1692k(a)(2)(A), for each plaintiff and putative class member;

• An award of costs of litigation and reasonable attorney's fees, pursuant

to 15 U.S.C. § 1692k(a)(3).

### Rosenthal Fair Debt Collection Practices Act

• This action be certified as a class action on behalf of the Classes

as requested herein;

• Plaintiffs be appointed as representative of the Classes;

• Plaintiffs' counsel be appointed as counsel for the Classes;

• An award of actual damages, in an amount to be determined at trial,

pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative

class member;

1    • An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code

2    § 1788.30(b), for each plaintiff and putative class member;

3    • An award of costs of litigation and reasonable attorney's fees, pursuant

4    to Cal. Civ. Code § 1788.30(c).

5                              **Fair Debt Buying Practices Act**

6    • An award of actual damages, in an amount to be determined at trial,

7    pursuant to Cal. Civ. Code § 1788.62(a)(1), for each plaintiff;

8    • An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code

9    § 1788.62(a)(2), for each plaintiff;

10   • An award of costs of litigation and reasonable attorney's fees, pursuant

11   to Cal. Civ. Code § 1788.62(c)(1);

12   • Any and all other relief that this Court deems just and proper.

13   Pursuant to the seventh amendment to the Constitution of the United States

14   of America, Plaintiff is entitled to, and demands, a trial by jury.

15

16

17   Dated: March 5th, 2020                    Law Office of Andrew P
                                                Rundquist
18

19                                             By: /s/ Andrew P Rundquist
20                                             Andrew P Rundquist, Esq.
                                               Attorney for Plaintiffs
21

22

23

24

25

26

27

28